UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

_____

In re

DAVID MICHAEL LARSEN,

Debtor.

Chapter 7

Case No. 08-33993

_____

MEMORANDUM DECISION DENYING DEBTOR'S
MOTION FOR EXEMPTION FROM CREDIT COUNSELING
_____

David Michael Larsen filed his voluntary chapter 7 petition on December 29, 2008. Included with his petition was Official Bankruptcy Form 1, Exhibit D, and the following preprinted language was checked:

> 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now.

Pursuant to the instructions following the above statement, Mr. Larsen entered: "Creditors are currently trying to take property that will be 'exempt' per this filing. Incarceration has prevented me from otherwise complying with counseling requirements." Official Bankr. Form 1, Exh. D.

In a document titled "motion for determination," filed with the petition and schedules, Mr. Larsen gave the following description of his attempts, while being incarcerated, to obtain the pre-filing briefing required by 11 U.S.C. § 109(h):

1) Creditors are currently trying to take property that will be "exempt" per this bankruptcy filing.

2) Present incarceration, while awaiting appeal, makes it virtually impossible to comply with this credit counseling requirement.

3) I have made every attempt possible to obtain said credit counseling services.

> However, every place that I have written to within this institution for the sake of complying with this requirement has responded with: "there is nothing available to me that they are aware of."
>
> 4) To complicate matters even further, the phone service from within this institution has been virtually "UNUSABLE" (for inmates) for nearly 4 weeks, thereby preventing me from reaching any kind of external help whatsoever. I have only repeatedly been told: "That they are aware of the problem. That the institution is having wiring problems that they have not been able to figure out or resolve as of yet."

Motion for Determination, filed 12/29/08. He then asks for direction from the court how to comply with the counseling requirements if only a temporary waiver is granted. *See* 11 U.S.C. § 109(h)(3)(B).

Although Mr. Larsen has requested at least a temporary waiver of the briefing, this court holds that he did not request a briefing from an approved agency before filing (he stated he only made inquiries within the prison), and he has not stated exigent circumstances that would entitle him to the temporary waiver provided by 11 U.S.C. § 109(h)(3)(A) and (B). Mr. Larsen states that his reason for filing the bankruptcy is because his exempt retirement accounts have been illegally seized and are being distributed by a receiver under the direction of the Racine County court, and he wants to obtain control of his exempt assets. His Statement of Financial Affairs shows that his former wife has been receiving $1,690.87 per month from his retirement accounts, as does Schedule J. However, gaining control over allegedly exempt assets under the jurisdiction of a state court is not a reason to file for bankruptcy relief. Under the well settled *Rooker-Feldman* doctrine, a federal court cannot act as an appellate court to a state court, *see Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517 (2005); a disappointed party who believes the state court acted in error must proceed through the state

court appellate process (perhaps he has – all the more reason that this court would decline to act; *see* 28 U.S.C. § 1334(c) regarding abstention). Furthermore, the trustee has no reason to attempt to recover exempt property, only to turn it over to the debtor, although this occasionally happens when the estate has an interest (no such interest is apparent with respect to these funds). *See* 11 U.S.C. § 522(g), (h). Mr. Larsen does not seem to be aware that retirement funds, while exempt from recovery by other creditors and for bankruptcy purposes, are not exempt for payment of support. Wis. Stat. § 815.18(3)(j)5. This would place the matter immediately back in the hands of the state court, as it has been for at least a year, according to the Statement of Financial Affairs. Thus, there is no emergency, and the filing would be pointless with respect to the debtor's avowed purpose in filing.

Mr. Larsen also mentions a transfer in 2000 to an irrevocable self-settled trust established in Illinois, which may be under the control of the same receiver that is administering his retirement funds. We cannot tell if this is property of the estate or not. However, this is not a stated emergency, and I cannot discern one, so it does not qualify as exigent circumstances.

Although Mr. Larsen has not asked for a permanent waiver of the pre-filing counseling requirement, he has indicated that the outside limit of 45 days provided by section 109(h)(3)(B) may not be sufficient. The court in *In re Vollmer*, 361 B.R. 811 (E.D. Va. 2007), granted a permanent waiver for the very reason asserted by Mr. Larsen, i.e., the prison could not or would not accommodate telephone or internet access to credit counseling, and there was no reasonable alternative. However, in that case the United States Trustee had withdrawn its objection to a permanent waiver, and it appears that the trustee was conceding that no counseling agencies were available that could provide this service to prisoners. *See* 11 U.S.C. § 109(h)(2)(A). I reviewed

3

the United States Trustee's website listing approved agencies in this district, and it appears that all of them require in person, telephone or internet participation by prospective debtors. However, this is not a new problem. Other incarcerated persons have successfully filed bankruptcy petitions since they were first required in 2005, and the U.S. Trustee in this district has made no such finding as appears to have occurred in *Vollmer*. Also, the problem with telephone access may be only temporary.

Some potential debtors that share Mr. Larsen's circumstances have asked that incarceration be considered a "disability," and generally it is not. *See, e.g., In re Hubel*, 395 B.R. 823 (N.D. N.Y. 2008) (debtor was not disabled, and it was up to Congress, not the courts, to provide a remedy if this was a statutory oversight). The requirements for a permanent waiver are in 11 U.S.C. § 109(h)(4). That paragraph provides, in relevant part:

> For the purposes of this paragraph, incapacity means that the debtor is impaired by reason of mental illness or mental deficiency so that he is incapable of realizing and making rational decisions with respect to his financial responsibilities; and 'disability' means that the debtor is so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing required under paragraph (1).

11 U.S.C. § 109(h)(4).

Incapacity is clearly not applicable as Mr. Larsen was capable of preparing his schedules, and he is knowledgeable of his financial situation. Active military duty in a military combat zone is another category, also not applicable here, that exempts a potential debtor from the pre-filing briefing. *See* 11 U.S.C. § 109(h)(4). Finally, even though incarceration may erect physical barriers to the debtor's finding an available telephone or computer to obtain the briefing, it is not a physical impairment in the sense that it is not an injury, defect, or characteristic of this person's physical makeup that prevents him from doing what is necessary to obtain the briefing.

Therefore, this court is satisfied that incarceration is not a disability within the meaning of section 109(h)(4), and a permanent waiver is not available.

Since Mr. Larsen's reason for his failure to obtain a pre-filing credit briefing does not qualify him for a temporary waiver or a permanent waiver, he is not entitled to be a debtor under 11 U.S.C. § 109. Therefore, his case will be dismissed by separate order.

January 9, 2009

Margaret Dee McGarity
Chief Judge, U.S. Bankruptcy Court